Karla Carlisle
Northwest Justice Project
1310 N. 5th Ave., Suite B
Pasco, WA 99301
(509)547-2760

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VIOLA FLORES, BY AND THROUGH, ROBERT FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD, ACCOUNTS RECEIVABLE MANAGEMENT, INC AND PCA ACQUISITIONS V, LLC dba PORTFOLIO ASSET MANAGEMENT dba PORTFOLIO ASSET GROUP.<br><br>Defendants. | No. CV-13-5056-EFS<br><br>COMPLAINT |

COMPLAINT

I. INTRODUCTION

1. This is an action for compensatory and statutory damages brought by plaintiff Viola Flores (hereinafter "Ms. Flores"), by and through her next friend Robert Flores (hereinafter "Mr. Flores"), as an individual consumer,

COMPLAINT- 1

Northwest Justice Project
1310 N. 5th Ave., Suite B
Pasco, Washington 99301
Phone: (509) 547-2760  Fax: (509) 547-1612

against defendants Phillips & Cohen Associates, Ltd. (hereinafter "Phillips & Cohen"), Accounts Receivable Management, Inc. (hereinafter "ARM"), and PCA Acquisitions V, LLC dba Portfolio Asset Management dba Portfolio Asset Group (hereinafter "Portfolio") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"); the Washington Collection Agency Act, RCW 19.16 *et seq.*, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*

## II. JURISDICTION

2. Jurisdiction arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1367.

3. Venue in this District is proper in that Phillips & Cohen, ARM, and Portfolio transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Ms. Flores is a natural person residing in Richland, Benton County, Washington.

5. Ms. Flores is intellectually disabled and her brother, Robert Flores, files this suit on Ms. Flores behalf as a next friend.

6. Mr. Flores is a natural person residing in Richland, Benton County, Washington.

7. Phillips & Cohen is a New Jersey corporation engaged in the business of

COMPLAINT- 2

collecting debt in this state with its principal place of business located at 695 Rancocas Road, West Hampton, NJ 08060.

8. Phillips & Cohen is licensed to engage in the collection of debts in this state and regularly attempts to collect debts allegedly owed to another and/or which it takes by assignment after default. See attached Exhibit A.

9. Phillips & Cohen allege Ms. Flores is obligated to pay credit card debts arising from transactions entered for personal, family and household purposes.

10. ARM is a New Jersey corporation engaged in the business of collecting debts in this state with its principal place of business located at 155 Mid Atlantic Parkway, Thorofare, NJ 08086.

11. ARM is licensed to engage in the collection of debts in this state and regularly attempts to collect debts allegedly owed to another and/or which it takes by assignment after default. See attached Exhibit B.

12. ARM alleges Ms. Floes is obligated to pay a credit card debt arising from transactions entered for personal, family and household purposes.

13. Portfolio is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at 1002 Justison Street, Wilmington, Delaware, 19801.

14. Portfolio conducts its debt collection business under the following names:

PCA Acquisitions V, LLC; Invenio Financial; Estate Asset Management; Portfolio Asset Management and Portfolio Asset Group.

15. Portfolio is not licensed to engage in the collection of debts in this state, but regularly attempts to collect debts allegedly owed to another and/or which it takes by assignment after default. See attached Exhibit C.

16. Portfolio, by and through Phillips & Cohen and ARM, allege Ms. Flores is obligated to pay credit card debts arising from transaction entered for personal, family and household purposes.

17. Therefore, Ms. Flores is a "consumer", as defined by the FDCPA, 15 U.S.C. §1692a(3).

18. Phillips & Cohen, ARM, and Portfolio attempted to collect a debt from Ms. Flores by using mechanisms of interstate commerce, including mail.

19. Phillips & Cohen, ARM, and Portfolio are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

20. On or about August 22, 2012, Ms. Flores received two letters from Phillips & Cohen, as agents acting on behalf of Portfolio, requesting payment for two alleged debts with account number 5710 for $2,254.91 and account number 3511 for $2,580.07. See attached Exhibits D and E.

21. On September 17, 2012, counsel for Ms. Flores, sent a letter to Phillips &

Cohen as agent for Portfolio via certified and facsimile regarding both accounts. The letter asked for verification of the debt and directed that any direct contact with Ms. Flores regarding the alleged debts cease. The letter was received by Phillips and Cohen via certified receipt on September 20, 2012. See attached Exhibit F.

22. On or about October 4, 2012, Ms. Flores received another letter from Phillips & Cohen, on behalf of Portfolio, regarding account number 5710 for $2,254.91. This letter also demanded that Ms. Flores pay the alleged debt. See attached Exhibit G.

23. Ms. Flores' counsel did not consent to any direct communication with Ms. Flores.

24. At no time did Ms. Flores' counsel fail to respond within a reasonable period of time to any communication from defendants.

25. On or about January 11, 2013, Ms. Flores received a collection letter from ARM, acting as agent on behalf of Portfolio. The letter from ARM demanded payment of an account ending in 5710 for $2,254.91. This is one of the same debts alleged in the earlier collection letters sent for Portfolio, and was one of the debts expressly referenced in counsel's cease communication notice to Portfolio of September 17, 2012. See attached Exhibit H.

COMPLAINT- 5

26. On January 30, 2013, counsel for Ms. Flores sent a letter to ARM as agent for Portfolio via certified mail asking for verification of the debt and directed that any direct contact with Ms. Flores regarding the alleged debts cease. The letter was received by ARM via certified receipt on February 1, 2013. See attached Exhibit I.

27. On or about February 19, 2013, Ms. Flores received a third letter from Phillips & Cohen, acting as agent on behalf of Portfolio, demanding payment of account number 5710 for an alleged debt of $2,254.91. See attached Exhibit J.

28. To date, defendants have not verified the alleged debts.

29. At no time after September 17, 2012 did Ms. Flores' counsel consent to any direct communication with Ms. Flores.

30. At no time did defendants ever communicate directly with counsel as demanded.

31. As a result of the unwanted contact from defendants, Ms. Flores suffered damages in the form of mailing costs to and from her attorney's office, anxiety and emotional distress.

V. CLAIMS FOR RELIEF

**Fair Debt Collection Practices Act**

16. Defendants violated 15 U.S.C. §1692c(a)(2) by communicating with Ms.

Flores when they knew or had reason to know that Ms. Flores was represented by an attorney and had refused to pay the alleged debt.

17. Defendants violated 15 U.S.C. §1692c(c) by communicating with Ms. Flores when they knew or had reason to know that Ms. Flores requested in writing that defendants cease communication with her.

18. After Ms. Flores requested validation of the alleged debts, Defendants violated 15 U.S.C. §1692g(b) by communicating with Ms. Flores before validation.

## WA Collection Agency Act

19. Phillips & Cohen and ARM are licensed as collection agencies in Washington State pursuant to RCW 19.16, and are therefore subject to and governed by the requirements and prohibitions of that act.

20. Portfolio is not licensed as a collection agency in Washington State pursuant to RCW 19.16, but regularly attempts to collect debts allegedly owed to another and/or which it takes by assignment after default.

21. All defendants violated RCW 19.16.250(11) by communicating with Ms. Flores after her attorney sent letters to defendants asking that communication with Ms. Flores cease and all further communications relative to the alleged debt be addressed to Ms. Flores' attorney.

22. Defendants Phillips & Cohen and ARM violated RCW 19.16.250(1) by

COMPLAINT- 7

Northwest Justice Project
1310 N. 5th Ave., Suite B
Pasco, Washington 99301
Phone: (509) 547-2760  Fax: (509) 547-1612

directly aiding Portfolio, an unlicensed entity, to engage in the business as a collection agency in this state.

23. Defendant Portfolio violated RCW 19.16.110 by not having the requisite license to regularly attempt to collect debts allegedly owed to another and/or which it takes by assignment after default.

24. All defendants violated RCW 19.16.2508(b) by not verifying the debt after Ms. Flores' written request.

25. As a result of the foregoing violations of RCW 19.16, Ms. Flores is entitled to compensatory damages, costs and attorney fees.

### WA Consumer Protection Act

26. Violations of RCW 19.16.250 are per se violations of the Washington Consumer Protection Act, RCW 19.86. *See* RCW 19.16.440 and *Sprinkle v. SB&C Ltd.*, 472 F.Supp.2d 1235 (W.D.Wash.2006).

27. The federal Fair Debt Collection Practices Act prohibits debt collectors from using false, unfair, or abusive acts or practices in the trade or commerce of collecting consumer debts.

28. Congress noted in 15 U.S.C. §1692 that using such acts and practices have an injurious impact on the public in that they contribute to the number of personal bankruptcies, and to martial instability, loss of employment, and invasions of privacy. The overriding purpose of the FDCPA as stated by

Congress is to eliminate such practices, prevent disadvantaging debt collectors who use lawful means, and encourage states to protect their consumer public.

29. Unfair or deceptive acts or practices which violate the FDCPA, when committed by person or entities conducting the trade or commerce of collecting consumer debts in the State of Washington, are therefore per se unfair or deceptive acts or practices injurious to the public interest under RCW 19.86.093 (2) and (3), as prohibited by RCW 19.86.020.

30. As set forth above, Phillips & Cohen, ARM, and Portfolio have committed unfair acts or practices in violation of the FDCPA while conducting the trade or commerce of collecting consumer debts within the State of Washington, including contacting Ms. Flores after she was represented by an attorney and continuing collection activity after a demand for verification without first verifying the debt.

31. Consequently, these were also unfair acts violating RCW 19.86.020.

32. These acts were a direct and proximate cause of injuries to plaintiff's property interests, including avoidable telephone expenses.

33. Ms. Flores is therefore entitled separately and in addition to recover her other claims, three times her actual damages, together with the costs of suit and attorney fees, under the Washington Consumer Protection Act, RCW

COMPLAINT- 9

Northwest Justice Project
1310 N. 5th Ave., Suite B
Pasco, Washington 99301
Phone: (509) 547-2760  Fax: (509) 547-1612

1    19.86.

2  WHEREFORE, Ms. Flores respectfully request that judgment be entered against

3  defendants as following:

4   A. Declaratory judgment that defendants' conduct violated the FDCPA,

5   Washington Consumer Protection Act, and the Washington Collection

6   Agency Act;

7   B. As a result of its violations of the FDCPA, Phillips & Cohen is liable to Ms.

8   Flores for actual and statutory damages up to $1,000 for each violation, plus

9   costs and attorney fees.

10  C. As a result of its violations of the FDCPA, Portfolio is liable to Ms. Flores

11  for actual and statutory damages up to $1,000 for each violation, plus costs

12  and attorney fees.

13  D. As a result of the its violations of the FDCPA, ARM is liable to Ms. Flores

14  for actual and statutory damages up to $1,000 for each violation, plus costs

15  and attorney fees.

16  E. An award of three times her actual damages under the WA Consumer

17  Protection Act, RCW 19.86; and

18  ///

19

20  ///

21

COMPLAINT- 10

Northwest Justice Project
1310 N. 5th Ave., Suite B
Pasco, Washington  99301
Phone: (509) 547-2760  Fax: (509) 547-1612

///

F. For such other and further relief to which she is entitled under law, including a reasonable attorney fee.

G. Injunctive relief to enjoin defendant Portfolio from similar violations in the future.

                         Respectfully submitted,

                         s/Karla Carlisle
                         Karla Carlisle WSBA #40107
                         Trial Attorney for Plaintiff
                         NORTHWEST JUSTICE PROJECT
                         1310 N. 5th Ave., Suite B
                         Pasco, Washington 99301
                         Tele:  (509)547-2760
                         Fax:   (509)547-1612
                         karlac@nwjustice.org